**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**WARREN TERRY,**

        Plaintiff,

   v.

**MITCHELL SISTERS CORP**
**d/b/a GRILL ON THE HILL**

  and

**RICHARD MITCHELL,**

        Defendants.
-------------------------------------------------------------X

Case No.: 23-cv-1535
Date Filed: 2/23/2023

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Warren Terry ("Plaintiff") and proffers this Complaint for damages against Defendants Mitchell Sisters Corp d/b/a Grill on the Hill and Richard Mitchell ("collectively referred to herein as Defendants").

## JURISDICTION AND VENUE

1. This action is brought by Plaintiff to redress violations of the Fair Labor Standards Act ("FLSA"), and New York Labor Law ("NYLL").

2. This Court has original federal question jurisdiction over this controversy pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343.

3. This Court has supplemental jurisdiction over this controversy under the New York Labor Law pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this judicial District, and substantial parts of the acts and/or omissions giving rise to the claims herein alleged occurred in this judicial District.

5. Defendants have willfully engaged in violations of the FLSA and NYLL by: (a) failing to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for hours worked in excess of 40 hours in a work week, (b) failing to pay Plaintiff minimum wages, (c) failing to pay Plaintiff "spread of hours" compensation, (d) taking an unlawful tip credit against Plaintiff's wages; and (e) failing to provide Plaintiff with proper wage notices and wage statements.

## THE PARTIES

6. Plaintiff Warren Terry is an individual and a resident of New York, New York.

7. At all times relevant herein, Plaintiff was an "employee" of Defendants as that term is defined by the FLSA and New York Labor Law.

8. Defendant Mitchell Sisters Corp d/b/a Grill on the Hill is a domestic corporation located at 1624 Amsterdam Ave., New York, New York 10031.

9. Defendant Richard Mitchell is the Owner of Defendant Mitchell Sisters Corp d/b/a Grill on the Hill. Defendant Mitchell has the authority to set payroll policies/practices, hire/fire employees, and set wages and other terms and conditions of employment.

10. Defendants conduct business as Grill on the Hill, a restaurant and bar located in New York, New York.

11. At all times relevant herein, Defendants have been Plaintiff's "employer" as that term is defined by the FLSA and NYLL.

12. Defendants have been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000 during the time periods relevant herein.

13. At all times relevant herein, Defendants were fully aware of the fact that they were legally required to comply with the FLSA and NYLL.

## STATEMENT OF FACTS

14. Plaintiff was employed with Defendants between approximately February 2016 and October 2022.

15. At all times relevant herein, Plaintiff was employed as a Manager at Defendants' restaurant. Plaintiff's job duties included bussing, serving, bar backing, and bartending duties.

16. Plaintiff was not paid an hourly rate for each hour worked.

17. Instead, Plaintiff was paid on a flat rate basis of $50.00 per shift worked ("Shift Pay") plus tips.

18. In or around July 2021, Plaintiff's Shift Pay increased to $100.00 per shift worked

19. Plaintiff was a tipped employee who customarily and regularly received tips.

20. Plaintiff was not provided a proper Tip Credit Notice during his employment with Defendants.

21. In or around January 2021, Defendants provided Plaintiff with a Wage Notice that did not include Plaintiff's regular rate of pay, overtime rate of pay, the amount to be taken as a tip credit against his minimum cash wages, or a statement that extra pay was required if his tips were insufficient to bring his wages up to New York's minimum wage.

22. Defendants also failed to provide Plaintiff with Wage Statements for each pay period that included his dates of work covered by the payment of wages; Plaintiff's name; Defendants' name; Defendants' address and phone number; Plaintiff's rate or rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

23. At all times relevant herein, Plaintiff regularly worked more than 40 hours per workweek.

24. At all times relevant herein, Plaintiff also frequently worked "double shifts," lasting approximately 16 hours in length.

25. At all times relevant herein, Plaintiff did not receive overtime payment at a rate of one-and-one half times his regular rate of pay for all hours worked over 40 in a workweek. Plaintiff received his flat rate Shift Pay, plus tips, no matter how many hours he worked each week.

26. At all times relevant herein, Defendants failed to pay Plaintiff the applicable minimum base cash wage for each hour he worked.

27. Plaintiff also did not receive spread-of-hours pay for shifts where he worked more than 10 hours in a single workday.

## **KNOWING AND INTENTIONAL ACTS**

28. All of the preceding paragraphs are realleged as if fully rewritten herein.

29. Defendants have knowingly, intentionally and willfully committed the acts alleged herein.

30. Defendants have not acted in good faith.

31. Defendants have known that the nonpayment of minimum wage, overtime pay, and other wages would financially injure Plaintiff.

32. Defendants did not provide Plaintiff at the time of hire or thereafter with a written statement of his regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from his base minimum hourly rate, and his regular payday.

33. Defendants did not provide Plaintiff with full and accurate wage statements when wages were paid.

34. Defendants have failed to maintain contemporaneous, true and accurate payroll records.

## FIRST CAUSE OF ACTION
### N.Y. Lab. Law, Art. 19, § 650 *et seq*.
### N.Y. Comp. Codes R. & Regs. Title 12, § 146-1.2
### Failure to Pay Minimum Wage

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. The New York Labor Law and New York Codes, Rules and Regulations require that employers pay employees a minimum wage for each hour worked.

37. Pursuant to 12 N.Y.C.R.R. § 146.25, waitstaff, bussers, and bartenders must be paid on an hourly basis. Wages paid on other bases, such as a flat rate or day rate, are prohibited.

38. Pursuant to 12 N.Y.C.R.R. § 146-1.2, waitstaff, bussers, and bartenders must be paid a minimum hourly wage of at least $15.00 per hour.

39. At all times relevant herein, Plaintiff performed the duties of waitstaff, bussers, and/or bartenders.

40. At all times relevant herein, Defendants paid Plaintiff on a flat, "Shift Pay" basis regardless of the amount of hours Plaintiff worked.

41. Defendants' policy of paying Plaintiff on a flat, "Shift Pay" basis frequently resulted in Plaintiff's hourly rate falling below the required minimum wage.

42. As a result, Defendants failed to pay Plaintiff the required minimum wage for all hours worked.

43. Plaintiff is entitled to recover from Defendants his unpaid minimum wages, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs pursuant to NYLL § 190 *et seq.*, and § 650 *et seq*.

## SECOND CAUSE OF ACTION
**N.Y. Lab. Law, Art. 19, § 650 *et seq*.**
**N.Y. Comp. Codes R. & Regs. Title 12, § 142-2.2, 146-1.4**
**Failure to Pay Overtime**

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. The New York Labor Law and New York Codes, Rules and Regulations require that employers pay employees overtime compensation at the rate of one and one-half times the regular rate of pay for each hour of work over forty hours in one work week.

46. At all times relevant herein, Plaintiff regularly worked over forty hours per work week.

47. Defendants failed to pay Plaintiff at the rate of one and one-half times his regular rate of pay for each hour of work over forty hours in one work week.

48. Said violations were not in good faith within the meaning of NYLL §§ 198.1-a and 663.

49. Defendants were aware that Plaintiff worked more than 40 hours per workweek but did not receive overtime compensation at a rate of one and one-half times his regular rate of pay for his hours worked in excess of 40 per workweek.

50. Defendants knew or should have known of the overtime payment requirement of the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations and that Plaintiff was entitled to overtime compensation for all hours worked in excess of 40 per workweek.

51. Defendants' refusal to properly compensate Plaintiff as required by the NYLL was willful.

52. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

53. Plaintiff is entitled to recover from Defendants his unpaid overtime wages, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs pursuant to NYLL § 190 *et seq.*, and § 650 *et seq.*

### THIRD CAUSE OF ACTION
### N.Y. Lab. Law, Art. 6, § 195
### N.Y. Comp. Codes R. & Regs. Title 12, § 146-2.2
### Wage Theft Prevention Act

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. NYLL requires that employers provide employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. NYLL Art. 6 § 195(1).

56. For tipped employees, the Wage Notice must include the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the base minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basis minimum hourly rate. 12 N.Y.C.R.R. § 146-2.2.

57. NYLL also requires that employers furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. NYLL Art. 6 § 195(3)

58. At all times relevant herein, Plaintiff was a tipped employee.

59. Defendants have willfully failed to supply Plaintiff with an accurate Wage Notice and Wage Statement as required by NYLL, Article 6, § 195.

60. As a result of these violations, Plaintiff is entitled to fifty dollars for each day that Defendants failed to provide a Wage Notice (with a cap of five thousand dollars) and two hundred fifty dollars for each day that Defendants failed to provide Wage Statements (with a cap of five thousand dollars) in violation of NYLL §§ 195 plus all other relief available under NYLL §§ 195.

**FOURTH CAUSE OF ACTION**
**N.Y. Comp. Codes R. & Regs. Title 12, § 146-1.6**
**Spread of Hours Pay**

61. All of the preceding paragraphs are realleged as if fully rewritten herein.

62. The NYLL entitles an employee to spread-of-hours pay, meaning "one additional hour of pay at the basic minimum hourly rate" for "each day on which the spread of hours exceeds 10." 12 N.Y.C.R.R. § 146-1.6(a).

63. Plaintiff regularly worked double shifts lasting 16 hours in length.

64. Defendants did not pay Plaintiff spread-of-hours pay for his shifts that exceeded 10 hours in one day.

65. Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs pursuant to NYLL.

## FIFTH CAUSE OF ACTION
### FLSA 29 U.S.C. §201, *et seq.* – Failure to Pay Overtime Wages

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. Plaintiff regularly worked more than 40 hours in a single workweek.

68. Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at his regular rate of pay.

69. Defendants' refusal to properly compensate Plaintiff for his overtime work, as required by the FLSA, was willful.

70. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## SIXTH CAUSE OF ACTION
### FLSA 29 U.S.C. § 203(m) – Failure to Provide Notice of Tip Credit

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

9

72. Pursuant to 29 U.S.C. § 203(m), an employer is not eligible to take a Tip Credit unless it has informed its tipped employees in advance of the employer's use of a Tip Credit, including the amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

73. Defendants willfully failed to supply Plaintiff with a Tip Credit Notice that complied with the requirements of the FLSA, 29 U.S.C. § 203(m).

74. As a result of this failure, Defendants were not permitted to take a Tip Credit from Plaintiff's wages and were obligated to compensate Plaintiff at his minimum cash wage.

75. Plaintiff is entitled to recover his unpaid wages against which Defendants unlawfully claimed a tip credit, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs pursuant to the FLSA.

## SEVENTH CAUSE OF ACTION
**N.Y. Comp. Codes R. & Regs. Title 12, § 137-2.1, 137-2.2, 146-1.3, and 146-2.2**
**Failure to Provide Notice of Tip Credit**

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. NYLL requires that employers must first provide employees with a Tip Credit Notice that complies with the requirements of 12 N.Y.C.R.R. § 137-2.1, 137-2.2, 146-1.3, and 146-2.2 before taking a tip credit from tipped employees' wages.

78. Defendants willfully failed to supply Plaintiff with a Tip Credit notice that complied with the requirements of 12 N.Y.C.R.R. § 137-2.1, 137-2.2, 146-1.3, and 146-2.2.

79. As a result of this failure, Defendants were obligated to compensate Plaintiff a base cash wage of at least $15.00 per hour worked pursuant to 12 N.Y.C.R.R. § 146-1.2.

80. Plaintiff is entitled to recover his unpaid wages against which Defendants unlawfully claimed a tip credit, in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs pursuant to NYLL.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. A jury trial on these issues to determine liability and damages.

B. A declaratory judgment that Defendants' practices complained of herein are unlawful and in violation of the FLSA, New York Labor Law; the New York Wage Theft Prevention Act; and any other applicable statute or regulation;

C. An injunction against Defendants and any of their representatives from engaging in each of the unlawful practices, policies and patterns described in the causes of action set forth in this Complaint;

D. A judgment for Plaintiff and against Defendants jointly and severally for compensation for unpaid minimum wages, overtime wages, and other lost wages due to Plaintiff under the FLSA and New York Labor Law, and, as liquidated damages, an additional amount equal to 100% of the total monies due to Plaintiff;

E. A judgment for Plaintiff and against Defendants jointly and severally for fifty dollars for each day that Defendants failed to provide a Wage Notice (with a cap of five thousand dollars) and two hundred fifty dollars for each day that Defendants failed to provide Wage Statements (with a cap of five thousand dollars) in violation of NYLL §§ 195

F. An award of prejudgment and post judgment interest;

G. A judgment for Plaintiffs against Defendants jointly and severally for attorney's fees and costs pursuant to New York Labor Law §§ 198 and 663;

H. Such other legal and equitable relief as this Court deems appropriate.

Dated: New York, New York
January 30, 2023

                              Respectfully submitted,

                              */s/Greg Mansell*
                              Greg R. Mansell
                              (*Greg@MansellLawLLC.com*)
                              Carrie J. Elrod
                              (*Carrie@MansellLawLLC.com*)
                              **Mansell Law, LLC**
                              85 8th Ave., 6M
                              New York, NY 10011
                              Ph: (646) 921-8900
                              *Counsel for Plaintiff*